UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-283-FDW

| | |
|---|---|
| BERRY LOCKLEAR, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>MIKE SLAGLE, et al., )<br>)<br>Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 3).

**I.    BACKGROUND**

Pro se Plaintiff Berry Locklear, a state inmate currently incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina, filed this action on a form for actions brought pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: Mike Slagle, Dexter Gibbs, Carolina Buchanan, Chad Green, and David Street. (Doc. No. 1 at 1-3). Plaintiff identifies all of the named Defendants as employees at Mountain View. In the Complaint, Plaintiff purports to bring two Counts—a "violation of my Fourteenth Amendment rights" and a "violation of 14th Am. Equal Protection Clause U.S. Constitution." (Id. at 2). In support of these two Counts, Plaintiff alleges that Defendants Slagle and Gibbs "allowed [Defendant] Buchanan and co-workers to discriminate against the Plaintiff on the basis of his [] Native American race and choice of religion" and that Defendants "denied Plaintiff his right to practice his religion without unnecessary interference." (Id. at 2). Furthermore, in the part of the Section 1983 form

1

in which Plaintiff is instructed to explain the nature of his case, Plaintiff writes, "This case involves discriminatory practice against Native American religion. Perpetrated particularly by Carol Buchanan. This case is submitted to this court, because the MVCI administrator or DPS Grievance #0268 resolution board never found a remedy." (Id. at 3).

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

Plaintiff's Complaint will be dismissed for failure to state a claim, as Plaintiff's allegations are simply too threadbare to give Defendants notice of his claim. That is, Plaintiff

has simply not alleged any facts showing how each Defendant personally deprived him of his right to exercise his religious beliefs as a Native American. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Furthermore, mere reference to an alleged grievance that Plaintiff purportedly filed, but which is not even attached to the Complaint, is not enough to state a claim for relief. Therefore, the Complaint will be dismissed. The dismissal will, however, be without prejudice to Plaintiff to file another action sufficiently setting forth facts supporting his alleged claim.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Complaint will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 3), is **GRANTED** for the limited purpose of this initial review of his Complaint.

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED**. The dismissal shall be without prejudice.

3. The Clerk is instructed to terminate this action.

Signed: September 7, 2016

Frank D. Whitney
Chief United States District Judge